Nathan Shilberg, Esq. SB#178212
Attorney at Law
864 No. Second St. PMB 309
El Cajon, CA 92021-5806

Tel (619) 588-5665
Fax (619) 588-5650
Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re: | ) | BK. CASE NO. 09-01094 |
| | ) | |
| | ) | **AMENDED MOTION FOR VALUATION OF** |
| **KEVIN MICHAEL PEPIN** | ) | **DEBTORS' RESIDENCE AND AVOIDANCE OF** |
| **ADRIANA CHAIDEZ-PEPIN** | ) | **WHOLLY UNSECURED SECOND DEED OF** |
| | ) | **TRUST HELD BY DEUTSCHE BANK** |
| | ) | **NATIONAL TRUST COMPANY, AS** |
| | ) | **INDENTURE TRUSTEE FOR THE HOLDERS** |
| | ) | **OF THE TERWIN MORTGAGE TRUST 2006-** |
| | ) | **9HGA, ASSET-BACKED CERTIFICATES,** |
| | ) | **TMTS SERIES 2006-9HGA** |
| | ) | |
| | ) | DATE: AUGUST 18, 2009 |
| Debtor(s) | ) | TIME: 10:00 AM |
| | ) | PLACE: JACOB WEINBERGER |
| | ) | U.S. COURTHOUSE |
| | ) | 325 WEST "F" STREET |
| **KEVIN MICHAEL PEPIN** | ) | SAN DIEGO, CA 92101 |
| **ADRIANA CHAIDEZ-PEPIN** | ) | DEPT: NO. 2 |
| | ) | JUDGE: ADLER |
| Movants. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DEUTSCHE BANK NATIONAL** | ) | |
| **TRUST COMPANY, AS** | ) | |
| **INDENTURE TRUSTEE FOR** | ) | |
| **THE HOLDERS OF THE TERWIN** | ) | |
| **MORTGAGE TRUST 2006-9HGA,** | ) | |

**TO THE ABOVE-ENTITLED COURT AND ALL INTERESTED PARTIES:**

Debtors Kevin Michael Pepin and Adriana Chaidez-Pepin, (the "DEBTORS"), by and through their counsel, hereby move the Court, pursuant to FRBP 3012, for a valuation on their residential real property commonly known as 8618 Chantilly Ave., San Diego, CA 92123-3435 (the "RESIDENCE") of $524,500.00.  The DEBTORS further move the Court under 11 U.S.C. § 1322(b)(2) to allow the DEBTORS to wholly avoid the Second Deed of Trust on the RESIDENCE held by Deutsche Bank National Trust Company as Indenture Trustee under the DEBTORS' Chapter 13 Plan.

This motion is based upon the attached Memorandum of Points and Authorities, Declaration of Kevin Michael Pepin and Adriana Chaidez-Pepin, and the pleadings and records in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **Statement of Facts**

1. On November 23, 2005, Kevin Michael Pepin and Adriana Chaidez-Pepin ("DEBTORS" herein) purchased a single family residence located at 8618 Chantilly Avenue in San Diego, California for $690,000 from the Carl M. Clark Trust, Verlene W. Clark Trust, and the Clark Family Trust.  The Grant Deed in favor of the DEBTORS was recorded in the Office of the San Diego County Recorder on November 23, 2005, bearing Document #2005-1017635.  A legal description of the aforestated real property is included herein:

> **LOT 68 OF MURRAY RIDGE ESTATES, UNIT NO. 2 IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 4545, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, MAY 17, 1960**
>
> **PARCEL ID: 428-572-02-00**

In connection with that purchase, the DEBTORS obtained a $552,000 loan secured by a first deed of

2. On June 1, 2006, the DEBTORS refinanced the $103,500 second deed of trust in favor of MERS %First National Bank of Arizona with a $123,000 loan secured by a second deed of trust given to Axis Mortgage & Investments, a Division of the Biltmore Bank of Arizona (Doc.# 2006-0389647, recorded in the Office of the San Diego County Recorder on June 1, 2006, a true and correct copy of which is attached hereto as Exhibit "A"), effectively replacing MERS %First National Bank of Arizona's junior deed of trust with one from MERS %Axis Mortgage & Investments, a Division of the Biltmore Bank of Arizona

3. Apparently, subsequent to the funding of the second deed of trust, MERS %Axis Mortgage & Investments, a Division of the Biltmore Bank of America, the former beneficial owner of the note and deed of trust, securitized the loan and, in so doing, negotiated the note and assigned the deed of trust to the current holder, Deutsche Bank National Trust Company, as Indenture Trustee for the holders of the Terwin Mortgage Trust 2006-9HGA, Asset-Backed Certificates, TMTS Series 2006-9HGA, a national banking association.

4. Specialized Loan Servicing, LLC, a Delaware Limited Liability Company, is currently authorized on behalf of the current holder of the loan note, Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-9HGA, Asset-Backed Certificates, TMTS Series 2006-9HGA, to service the loan, oversee the collection of amounts due under the note and enforce the terms of the loan documents.

5. The promissory note currently held by Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-9HGA, Asset-Backed Certificates, TMTS Series 2006-9HGA calls for payments of $1,068.07/month for 15 years, interest only @9.875% APR with a balloon payment of $123,000 due on June 1, 2021.

6. On January 30, 2009, the DEBTORS commenced their Chapter 13 Bankruptcy

1  Servicing, LLC %Deutsche Bank National Trust Company's wholly unsecured deed of trust under
2  11 U.S.C. §§ 1322(b)(2) and 506(a)(1), given that it is not the holder of a secured claim, after a
3  combined confirmation hearing and valuation hearing. (Exhibit "B").

4    7. On Schedule "A" the DEBTOR Adriana Chaidez-Pepin identified 8618 Chantilly Ave.,
5  San Diego, California as her personal residence, which she listed as having a current value of
6  $524,500. (Exhibit "C").

7    8. On its proof of claim filed on February 17, 2009, GMAC Mortgage, LLC, the current
8  holder of the beneficial interest in the First Deed of Trust, listed the amount of its secured real
9  property claim as of the commencement of the case as $581,465.87. (Exhibit "D").  The original
10 loan was for $552,000.

11    9. On its proof of claim filed on February 4, 2009, Specialized Loan Servicing, LLC
12 %Deutsche Bank National Trust Company as Indenture Trustee, the current servicer on behalf of the
13 holder of the beneficial interest in the Second Deed of Trust, listed the amount of its secured real
14 property claim as of the commencement of the case as $127,767.34. (Exhibit "E").  The original loan
15 was for $123,000.

16    10. According to the appraisal obtained by the DEBTORS from zillow.com, the RESIDENCE
17 was worth $524,500 as of the commencement of the case (Exhibit "F").  In any event, the
18 DEBTORS, as homeowners, are, under California Evidence Code § 813(a)(2), " . . . perfectly
19 competent to testify as to the value of [their] own property." **In re Marriage of Stoll**, 63 Cal. App.
20 4th 837, 843 (1998).  According to their Declaration, the DEBTORS estimate the current value of
21 their home is $524,500 at the time of the filing of the case.

22    11. Based upon the foregoing, Deutsche Bank National Trust Company, as Indenture Trustee
23 for the holders of the Terwin Mortgage Trust 2006-9HGA, Asset-Backed Certificates, TMTS Series

II. **Argument**

Courts have held that the procedure for completing a lien avoidance is by valuation motion pursuant to FRBP 3012. ***In re* King**, 290 B.R. 641, 649-650 (Bankr. C.D. Ill. 2003). ***In re* Fuller**, 255 B.R. 300, 306 (Bankr. W.D. Mich. 2000). ***In re* Pereira**, 394 B.R. 501 (Bankr. S.D. Cal. 2008).

The DEBTORS make this motion under FRBP 3012, which provides:

> The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

11 U.S.C. § 1322(b)(2) provides in pertinent part that a Chapter 13 Plan may:

> modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

Pursuant to ***In re* Zimmer**, 313 F.3d 1220 (9th Cir. 2002), a junior encumbrance on a Chapter 13 Debtor's residence may be avoided where the encumbrance is "wholly unsecured" because the property is worth less than the senior encumbrances (***In re* Zimmer**, 313 F.3d 1220 (9th Cir. 2002). Lien avoidance may be accomplished by noticed motion rather than by adversary proceeding as long as the lien-stripping treatment is conspicuously disclosed in the Plan and notice of the valuation is served on the affected creditor to be determined concurrently at confirmation or a separately noticed hearing.. ***In re* Pereira**, 394 B.R. at 504.

Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-9HGA, Asset-Backed Certificates, TMTS Series 2006-9HGA does not have a secured claim against the DEBTORS' principal residence because the encumbrance is wholly unsecured. The DEBTORS may therefore avoid Deutsche Bank National Trust Company, as

Failure to object to the proposed value of the RESIDENCE and avoidance of the lien will be deemed consent to the valuation of the property as stated.

The Court is requested to make findings of fact and conclusions of law and to determine that the avoidance of Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of Terwin Mortgage Trust 2006-9HGA, Asset-Backed Certificates, TMTS Series 2006-9HGA's wholly unsecured Second Trust Deed in accordance with the DEBTORS' Chapter 13 Plan is appropriate upon completion of the Plan and entry of a Chapter 13 discharge.

**WHEREFORE**, the DEBTORS pray for an Order as follows:

1. Determine that the value of the RESIDENCE is $524,500 at the time of the commencement of the Chapter 13 filing;

2. Avoid the Second Deed of Trust of Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-9HGA, Asset-Backed Certificates, TMTS Series 2006-9HGA, in its entirety in accordance with the terms of the DEBTORS' Chapter 13 Plan;

3. That the claim of Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-9HGA, Asset-Backed Certificates, TMTS Series 2006-9HG Specialized Loan Servicing, LLC be deemed a general unsecured claim;

4. Attorney Fees and costs in the amount of $450.00 (or more, according to proof) in connection with this motion to be paid under the Chapter 13 Plan;

5. Provide all other just and proper relief.

Respectfully submitted,

**DECLARATION OF KEVIN MICHAEL PEPIN AND ADRIANA CHAIDEZ-PEPIN**

We, Kevin Michael Pepin and Adriana Chaidez-Pepin, declare and state as follows:

1. We are the Debtors in the above-captioned matter.  If called upon, we could and would competently testify to the following within our personal knowledge except where stated upon information and belief.

2. We commenced this Chapter 13 Bankruptcy proceeding by filing a voluntary petition on January 30, 2009.

3. Among the assets of our estate is the residential real property commonly known as 8618 Chantilly Ave., San Diego, California 92123-3435 in the County of San Diego, California and described as follows:

> **LOT 68 OF MURRAY RIDGE ESTATES, UNIT NO. 2 IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 4545, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, MAY 17, 1960**
>
> **PARCEL ID: 428-572-02-00**

4. Shortly before the commencement of this case, we obtained an appraisal from zillow.com, a reputable home appraisal website that relies on comparable sales.  The website indicated our RESIDENCE was worth no more than $524,500.  We endorse this estimate.  As the owner of the property in question, we are, under California Evidence Code § 813(a)(2) ". . . perfectly competent to testify as to the value of [our] own property." ***In re* Marriage of Stoll**, 63 Cal. App. 4th 837, 843 (1998).

5. There is a First Trust Deed in favor of MERS %First National Bank of Arizona (now held by GMAC Mortgage, LLC) recorded against the RESIDENCE.  The outstanding balance on the First Trust Deed was approximately $581,465.87 at the time of the commencement of our case.

1. on the Second Trust Deed was approximately $127,764.34 at the time of the commencement of our case. (Exhibit "E").  The original loan was for $123,000.

7. Based upon the foregoing, the Second Trust Deed is a wholly unsecured debt.  Our proposed Chapter 13 Plan, dated February 3, 2009, provides for the avoidance of the Second Trust Deed. (Exhibit "B").

We declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of our knowledge and belief.

Executed this 1st day of July 2009 at San Diego, California.

   /s./KEVIN MICHAEL PEPIN                      /s/ADRIANA CHAIDEZ-PEPIN  
    KEVIN MICHAEL PEPIN                           ADRIANA CHAIDEZ-PEPIN